**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3566

_____


Michael C. Liddell, a minor, by
Minnie Liddell, his mother and next
friend; Kendra Liddell, a minor,
by Minnie Liddell, her mother and next
friend; Minnie Liddell; Roderick D.
LeGrand, a minor, by Lois LeGrand,
his mother and next friend; Lois
LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and *Appeal from the United
friend; Samuel Yarber; Earline Caldwell; *States
Lillie Caldwell; Gwendolyn Daniels; *District Court for the
Missouri. *Eastern District of
National Association for the *
Advancement of Colored People; *
United States of America; City of St. *
Louis; *
                                    *
              Plaintiffs; *
                                    *
       v.                *
                                    *
The Board of Education of the City of *
St. Louis; Hattie R. Jackson, President, *
Board of Education of the City of St. *
Louis; Rev. Earl E. Nance, Jr., a *
member of the Board of Education of *
the City of St. Louis; Renni B. Shuter, *
a member of the Board of Education; *
of the City of St. Louis; Paula V. *
Smith, a member of the Board of Educa- *

tion of the City of St. Louis; Dr. Albert
D. Bender, Sr., a member of the Board
of Education of the City of St. Louis;
Eddie G. Davis, a member of the Board
of Education of the City of St. Louis;
Dr. John P. Mahoney, a member of the
Board of Education of the City of St.
Louis; Marybeth McBryan, a member
of the Board of Education of the City
of St. Louis; Thomas M. Nolan, a
member of the Board of Education of
the City of St. Louis; William Purdy, a
member of the Board of Education of
the City of St. Louis; Robbyn G. Wahby,
a member of the Board of Education of
the City of St. Louis; Madye Henson
Whithead, a  member of the Board of
Education of the City of St. Louis;
Dr. Cleveland Hammonds, Jr., Super-
intendent of      Schools for the City of St.
Louis;                              *
                                    *
        Defendants-Appellees;*
                                    *
Ronald Leggett, St. Louis Collector of
Revenue;                            *
              Defendant;      *
                                    *
State of Missouri; Mel Carnahan,
Governor of the State of Missouri;
Jeremiah (Jay) W. Nixon, Attorney
General; Bob Holden, Treasurer;
Richard  A. Hanson, Commissioner of
Administration; Robert E. Bartman,
Commissioner of Education; Missouri
State Board of Education, and its
members; Thomas R. Davis;   *

2

Sharon M. Williams;  Peter F.
Herschend; Jacqueline D. Wellington;
Betty E. Preston; Russell V. Thompson;
Rice Pete Burns; William Kahn;

*

Defendants-Appellants;*

*

Special School District of St. Louis
County; Affton Board of Education;
Bayless Board of Education; Brentwood
Board of Education; Clayton Board of
Education; Ferguson-Florissant Board
of Education; Hancock Place Board of
Education; Hazelwood Board of
Education; Jennings Board of Education;
Kirkwood Board of Education; LaDue
Board of Education; Lindbergh Board of
Education; Maplewood-Richmond
Heights Board of Education; Mehlville
Board of Education; Normandy Board
of Education; Parkway Board of
Education; Pattonville Board of Educa-
tion; Ritenour Board of Education;
Riverview Gardens Board of Education;
Rockwood Board of Education;
University City Board of Education;
Valley Park Board of Education;
Webster Groves Board of Education;
Wellston Board of Education; St. Louis
County; Buzz Westfall, County
Executive; James Baker, Director of
Administration, St. Louis County,
Missouri; Robert H. Peterson, Collector
of St. Louis County "Contract Account,"
St. Louis County, Missouri; The St.
Louis Career Education District;

*

3

```
                    Defendants;*
                                *
St. Louis Teachers' Union, Local 420,
AFT, AFL-CIO;                   *
                                *
        Intervenor Below.   *
```

Submitted: February 25, 1998

Filed: April 28, 1998

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

The State of Missouri (State) appeals from the district court's December 16, 1996 and July 8, 1997 orders requiring the State to pay attorney's fees and litigation expenses incurred between 1994 and 1996 as part of its obligation to fund 71.5% of the site acquisition costs for the Science Center Investigative Learning Center (ILC) magnet school. We affirm.

In 1988, the district court approved the construction of the ILC as part of its magnet school order. We approved the overall magnet school budget, but because the site acquisition costs were not included in the budget, we remanded the case for the district court to "conduct a hearing to select a site for the [ILC] and add an amount sufficient to purchase the selected site to the magnet plan budget." Liddell v. Board of Educ., 907 F.2d 823, 825 (8th Cir. 1990) (Liddell XIX). Under the terms of the magnet school plan, the State is responsible for 71.5% of all site acquisition costs. On April 22, 1994, the Board of Education of the City of St. Louis (City Board) filed its

first interim motion for site acquisition costs, and the district court ordered the State to pay $3,267,850, as its 71.5% share.

In May 1996, the City Board filed its third interim motion for site acquisition costs, seeking, inter alia, additional attorney's fees, legal costs, and expert fees incurred between 1994 and 1996 relating to the acquisition of certain properties and state court condemnation proceedings. In December 1996, the district court confirmed that attorney's fees and litigation costs were includable as site acquisition costs. Following a March 1997 hearing, the district court granted the City Board's request for fees, with two exceptions,[1] and ordered the parties to determine the exact dollar amount owed by the State to the City Board. The State appeals.

Because the expenses requested related to state condemnation proceedings, which required the use of expert witnesses and the valuation of property, we agree with the district court's determination that such costs were necessary and proper site acquisition costs. Although we are unable to calculate the exact amount at issue based from the record submitted on appeal, the parties have indicated that the State's 71.5% share amounts to between $184,000 and $207,000. We trust that the parties will come to an agreement as to the amount due without further court intervention.

Accordingly, we affirm.

---

[1]The district court denied fees for certain out-of-town trips for counsel and expert witnesses, and fees for two experts whose reports were not properly itemized.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.